```
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 08-14032-CIV-MOORE
                                 MAGISTRATE JUDGE P. A. WHITE


GLENN SMITH,                     :

       Plaintiff,                :

v.                               :        REPORT OF
                                          MAGISTRATE JUDGE
M. VILLAPANDO, ET AL.,           :

       Defendants.               :
_____
```

## I. Introduction

This Cause is before the Court upon the remand from the United States Court of Appeals for the Eleventh Circuit.

The plaintiff Glenn Smith, currently incarcerated at the Martin Correctional Institution ("MCI"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that occurred at the Okeechobee Correctional Institution ("OCI"). [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

## II. Analysis

### A. Procedural History

The district court construed the Complaint as challenging two disciplinary reports ("disorderly conduct" and "disobeying order") issued at the same time based on the same sequence of events as (1) violating the plaintiff's First Amendment rights because they were retaliatory and (2) violating the plaintiff's Fourteenth Amendment

rights to procedural and substantive due process.  The Honorable K. Michael Moore issued an Order adopting the recommendations of the Preliminary Report.  With regard to the retaliation claim, the Court found that the plaintiff had failed to state a claim because he admitted that he had been disorderly by attempting to block the entry of a prisoner into his cell.  The Eleventh Circuit reversed, finding that the plaintiff was challenging only the "disorderly conduct" disciplinary report, not the "disobeying order" disciplinary report, and the plaintiff's actions in his cell formed the basis of the disciplinary report not being challenged.  The disciplinary report at issue alleged that the plaintiff was "disorderly" in the shower, which he denies, and the plaintiff alleges that it was issued in retaliation for his protest at his cell.  Additionally, the district court, in construing the Complaint as challenging both disciplinary reports, dismissed the due process claims as premature because the plaintiff had lost gain time.  The Eleventh Circuit reversed, finding that the plaintiff only lost gain time on the disciplinary report not being challenged and as such the claim was erroneously dismissed pursuant to Heck v. Humphrey and Edwards v. Balisok.  The Eleventh Circuit did not find that the plaintiff had stated a cognizable due process claim, including a claim against the defendant Adams.

   B.   Factual Allegations

   The plaintiff names the following defendants:

   1.   OCI Correctional Officer M. Villapando
   2.   OCI Major T. Sheffield
   3.   Jackie Adams, Florida Department of Corrections

The plaintiff alleges that Villapando and Sheffield violated his First Amendment rights by initiating, writing and approving a false, pretextual, retaliatory disciplinary report for "disorderly conduct" on April 28, 2005 and Adams violated his First and Fourteenth Amendment rights by failing to overturn the disciplinary report.

The plaintiff raises the following specific allegations. On April 28, 2005, the plaintiff protested to Officers Harris and Carter (not defendants) against having an inmate placed with him inside his disciplinary confinement cell, because he was afraid the inmate would physically harm him. The plaintiff states that on two prior occasions he was severely beaten by mentally ill and predatory cellmates who had been overtly placed in his disciplinary confinement cell by officers engaging in retaliation, and Harris may have had some role. Harris told the plaintiff that he would have to request protective custody, refused to permit the plaintiff to speak to the duty sergeant and captain, and continued to attempt to place the new cellmate in the plaintiff's cell. The plaintiff was peacefully handcuffed, but he stood just inside the cell door and refused to move, and again requested protective custody and to speak to the captain. At that point the plaintiff had a physical confrontation with Harris as Harris attempted to push him back into the cell. The plaintiff alleges that Villapando observed the conflict, and came and placed the plaintiff in the shower while the new inmate was placed in the cell. Villapando warned the plaintiff not to "come at" Harris. Captain Sheffield then arrived and the plaintiff requested protective custody but Sheffield told him the request had to be in writing and that he would have a cellmate while the request was being processed. The plaintiff informed Sheffield that he and other officers were retaliating against him and Sheffield told the plaintiff he would be getting two

disciplinary reports - one for declining a cellmate and the other for protesting against the way Sheffield was handling the situation. Thereafter several officers took the plaintiff from the shower and forced him into the cell. Villapando issued disciplinary reports for disorderly conduct and disobeying order. The plaintiff states that the "disorderly conduct" disciplinary report was based on the fabricated story that the plaintiff had been disruptive in the shower. The plaintiff was found guilty of both disciplinary infractions after a hearing, and appeals at the institutional and department level were unsuccessful.

The plaintiff challenges only the "disorderly conduct" charge alleging that he was disruptive in the shower. He alleges that the disciplinary report was issued in retaliation for the plaintiff exercising his right to protest against having an inmate placed in his cell, and he alleges that he was denied procedural and substantive due process in the disciplinary proceedings, including his FDOC appeal which was handled by Adams. The plaintiff's exhibits show that the plaintiff received a 30 day sentence in confinement for the "disorderly conduct" charge and no loss of gain time.

The plaintiff seeks an order overturning the disciplinary report, and monetary damages.

### Retaliatory Disciplinary Report

The Eleventh Circuit has found that the plaintiff has stated a constitutional claim of retaliation against Villapando, and presumably Sheffield, that should continue beyond the initial screening.

4

The plaintiff also alleges generally that Adams violated his First Amendment rights. The plaintiff complains mainly that Adams, who is a representative of the FDOC in the central office, failed to rectify the denial of due process in the disciplinary proceedings and, liberally construed, failed to recognize the retaliatory nature of the disciplinary report by failing to overturn the disciplinary report.

A claim that a prison official retaliated against an inmate may raise a violation of an inmate's First Amendment rights. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989); Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. See, e.g., Farrow v. West, 320 F.3d 1235, 1248 (11 Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. See Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11 Cir. 2005); Smith v. Mosley, 2008 WL 2609353, 4 (11 Cir. 2008).

In this case, the plaintiff fails to state a claim that Adams retaliated against him by failing to overturn the disciplinary report, as there is no showing of a causal relationship between the alleged retaliatory action (denying the appeal) and the protected

speech.  The claim against Adams is best characterized as an allegation that Adams violated the plaintiff's right to due process by failing to overturn the disciplinary report as retaliatory and as violative of the right to due process. As discussed below, the plaintiff has failed to state a claim of denial of due process.

### Challenge to Disciplinary Proceedings

The plaintiff alleges that he was denied due process in connection with his disciplinary proceedings at OCI and his appeal to the FDOC.  The plaintiff spent 30 days in confinement as a result of the disciplinary report at issue.  It appears that the plaintiff raises a due process claim only against Adams, who was not at OCI.  The plaintiff specifically alleges that Villapando and Sheffield violated only his First Amendment rights.  See DE# 1 Complaint at 1 and 14(Demand for Relief).  The gravamen of the plaintiff's claim of denial of due process is against the OCI disciplinary hearing team, with a claim that Adams violated his right to due process by failing to overturn the grievance based on procedural infirmities.  The plaintiff alleges that the disorderly conduct disciplinary report violated his right to due process because it was retaliatory and (1) his institutional appeal was not decided by the warden, as required by prison regulations; (2) Villapando's "false accusatory" statements were not entitled to the "some evidence" standard of review; (3) the disciplinary hearing team relied on evidence that had no indicia of reliability; (4) the disciplinary team did not explain why the plaintiff's own sworn evidence was unreliable and less credible than Villapando's unsworn statement; (5) the disciplinary team did not allow the plaintiff to present live witnesses; (6) the disciplinary team did not explain its reasons for the punishment imposed; and (7) the disciplinary

team failed to follow regulations requiring it to impose a punishment proportional to the infraction.

There is no right inherent in the Constitution not to be placed in disciplinary segregation. Sandin v. Conner, 515 U.S. 472, 476 (1995). Therefore, because the plaintiff's allegations do not concern a right inherent in the Constitution, he must establish that he has a state-created liberty interest not to be confined to disciplinary segregation without being afforded due process. The Eleventh Circuit has interpreted the Sandin decision as recognizing two circumstances in which a prisoner can be further deprived of his liberty such that due process is required. The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. See Sandin, 515 U.S. at 484. The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state. Bass v. Perrin, 170 F.3d 1312, 1318 (11 Cir. 1999).

As a result of the Court's decision in Sandin, temporary confinement in disciplinary segregation does not mandate the due process procedures delineated in Wolff v. McDonnell, 418 U.S. 539, 558 (1974)(prisoners may not be deprived of statutory "good-time credits" without due process). Disciplinary segregation is not a "dramatic departure" from the ordinary conditions of confinement, nor is it a "major disruption in [a prisoner's] environment." Sandin, 515 U.S. at 485-86. Thus, under the authority of Sandin,

7

a prisoner sentenced to a short term of disciplinary segregation has no protected liberty interest to which the due process protections apply. Because there is no right to procedural due process before the imposition of disciplinary segregation, neither the lack of due process nor any deficiency in procedure actually used is actionable in a §1983 action.

In the present action, the plaintiff is attempting to advance claims based on the second <u>Sandin</u> circumstance. <u>See, e.g.</u>, <u>Rodgers v. Singletary</u>, 142 F.3d 1252, 1253 (11 Cir. 1998)(affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest). The plaintiff alleges only that he was placed in segregated confinement for 30 days as a result of the disciplinary action being challenged herein. This relatively short period of disciplinary segregation punishment is neither "atypical" nor a "significant hardship" under the <u>Sandin</u> analysis and is identical to the 30-day punishment received by inmate Conner.

Therefore, the claims concerning the denial of due process in the disciplinary process are subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[1]

---

[1] As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\*   \*   \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\*   \*   \*

III. <u>Conclusion</u>

Based on the foregoing, it is recommended that:

1. The claims of unconstitutional retaliation in violation of the First Amendment against the defendants Villapando and Sheffield proceed, in their individual capacities.

2. The claims of denial of due process and the defendant Adams be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 7th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

(B) the action or appeal –

\* \* \*

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

cc:     Glenn Smith, <u>Pro Se</u>
        DC# 880144
        Martin Correctional Institution
        1150 S.W. Allapattah Road
        Indiantown, FL 34956-4397